# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| AUSTIN JAMES ASSOCIATES, INC., | : | No. 3:12cv1125 |
| --- | --- | --- |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE CO., | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is the motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant American International Speciality Lines Insurance Co. (hereinafter "AISLIC") in this breach of insurance contract case. The parties have briefed their respective positions, and the matter is ripe for disposition.

**Background** [1]

Defendant AISLIC sold Plaintiff, Austin James Associates a five-year environmental cost-cap insurance policy covering the term March 1, 2004

---

[1] These are the facts as alleged in plaintiff's complaint. We must accept them as true for purposes of the instant motion. We make no determination at this point as to whether the fact finder will ultimately accept these facts as true.

1

through March 1, 2009. (hereinafter "the policy"). (Doc. 1, Compl. ¶ 7). Defendant's broker, the Seltzer Company, negotiated the policy. (Id. ¶¶ 4, 7). Plaintiff paid the premium of $85,338.00 to Seltzer on February 12, 2004. (Id. ¶¶ 8, 10). When it paid the premium, plaintiff requested that effective date of the insurance be March 1, 2004. (Id. ¶ 9).

Years later, plaintiff submitted a $295,613.00 claim under the policy. (Id. ¶ 13). Defendant denied plaintiff's claim based upon the policy's coverage period. (Id. ¶ 14). At the time it submitted the claim, plaintiff noticed that the commencement date on the policy was not March 1, 2004, as requested, but May 20, 2004, and the length of the policy had been changed from five (5) years to four (4) years and four (4) months. (Id. ¶¶ 12-13).

Based upon the denial of the claim, plaintiff instituted the instant action. Plaintiff's one-count complaint alleges breach of contract. Plaintiff asserts that the insurance claim it brought is covered under the policy and no exclusions apply to deny coverage. (Id. ¶ 18). Thus, defendant breached its obligations under the policy according to the plaintiff. (Id. ¶ 19). Plaintiff asserts that AISLIC has the obligation to honor the policy as having begun on March 1, 2004 for a five (5) year term. (Id. ¶ 21). Plaintiff seeks the amount of the covered loss, consequential damages, incidental damages, interest and costs.

Defendant filed a motion to dismiss plaintiff's complaint pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure, bringing the case to its present posture.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  (Id. ¶¶ 1-5).  The plaintiff is a Pennsylvania corporation with a principal place of business in Pocono Pines, Pennsylvania, and the defendant is a citizen of New York.  (Id. ¶¶ 1, 3). Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

This case is before the court pursuant to defendant's motion to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested.  Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each

3

necessary element of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record and documents that form the basis of a claim.

4

See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

Defendant's motion raises two issues: 1) whether the complaint should be dismissed because plaintiff's claims are barred due to plaintiff's failure to read the terms of the contract in a timely manner; and 2) whether plaintiff's claims are barred by the statute of limitations. We will address each issue separately.

**I. Failure to read the contract**

Defendant first argues that we should dismiss the complaint because plaintiff's breach of contract claim is founded on its own failure to read the policy at issue. According to defendant, plaintiff bases its claim on its assertion that it "thought" that the period of coverage for the insurance policy was different from what the policy provided. Defendant's position is if plaintiff had read the contract it would have known policy's coverage period. Defendant argues that under Pennsylvania law, a breach of contract claim cannot be sustained on a contention that a party to the contract either did not read or understand the document.

Plaintiff's position is that under the "reasonable expectations" doctrine it had no duty to read the policy. Under this doctrine, an insurance policy exclusion will not apply where the insurer or agent has

created in the insured a reasonable expectation of coverage. Here, plaintiff prepaid for insurance for a particular policy period. The defendant changed that period unilaterally. Defendant provided a copy of the policy to plaintiff but did not provide separate notice of this change. Therefore, plaintiff reasonably expected the policy to accurately reflect the agreed-upon starting date and term length.

Defendant replies to plaintiff's "reasonable expectations" argument by asserting that this doctrine applies solely to individual policy holders, not commercial policy holders, such as the plaintiff. Plaintiff filed a sur-reply brief arguing that the reasonable expectations doctrine does indeed apply to commercial entities.

The issue therefore, comes down to whether or not the "reasonable expectations" doctrine can be used by commercial entities or if it applies only individuals. After a careful review, we agree with the plaintiff's position that it may be able to use the reasonable expectations doctrine.

Pennsylvania law "dictates that the proper focus for determining issues of insurance coverage is the reasonable expectations of the insured." Liberty Mut. Ins. Co. v. Treesdale, Inc., 418 F.3d 330, 344 (3d. Cir. 2005) (quoting Reliance Ins. Co. v. Moessner, 121 F.3d 895, 903 (3d Cir. 1997)). Thus, where an "**individual** applies and prepays for specific insurance coverage, the insurer may not unilaterally change the coverage provided without an affirmative showing that the insured was notified of,

and understood, the change." Tonkovic v. State Farm Mut. Auto. Ins. Co., 521 A.2d 920, 925 (1987)(emphasis added). "The burden is not on the insured to read the policy to discover such changes, or not read it at his peril." Id.

Here, however, the plaintiff is not an "individual" but is a business entity, and the issue is whether the reasonable expectations doctrine applies to businesses in the same way that it applies to individuals. Plaintiff argues that the reasonable expectations doctrine applies even if the insured is a business. In support of its position, plaintiff cites Reliance Ins. Co. v. Moessner, 121 F.3d 895 (3d Cir. 1997). In Moessner, the Third Circuit Court of Appeals predicted that Pennsylvania courts would apply the reasonable expectations doctrine even where the insured is a "sophisticated purchaser" of insurance, that is a large commercial enterprise. Id. at 904-05.

Defendant argues that after the Third Circuit decided Moessner, the Pennsylvania Supreme Court did address the issue of whether the reasonable expectations doctrine applies to commercial enterprises. Defendant asserts that in Madison Construction Company v. Harleysville Mutual Insurance, 735 A.2d 100 (Pa. 1999) the Pennsylvania Supreme Court was invited to apply the reasonable expectations doctrine to a commercial insured, but it declined. Thus, defendant concludes that the reasonable expectations doctrine does not apply to commercial insureds.

7

We are not convinced that the Madison case should be read so broadly.  The court addressed the reasonable expectations argument in a footnote.  Id. at 109 n.8.  It stated that the plaintiff, a commercial insured, had argued that its reasonable expectations should be examined in determining the coverage issue in that case.  Id.  The court indicated that accepting the plaintiff's argument would entail a substantial expansion of the reasonable expectations doctrine.  Id.  The court did not explain what it meant by "substantial expansion," however, the defendant here argues that the "substantial expansion" addressed by Madison would be the application of the reasonable expectations doctrine to a commercial entity as opposed to an individual.  Regardless, the court decided not to address the issue because it was insufficiently developed in the briefs.  Id.  This footnote, which merely explains that the court declined to address an argument, is not the equivalent of the court holding that commercial entities are not protected by the reasonable expectations doctrine.

In further support of its position, the defendant cites to two unpublished opinions of the Third Circuit and two precedential opinions.  For our purposes, the unpublished opinions have no precedential weight.[2]  The published opinions do not squarely support defendant's position.  For example defendant cites Liberty Mutual Insurance Company v. Treesdale,

---

[2] We need not discuss these unpublished opinions further as we have found a published opinion directly on point.

418 F.3d 330, 344-45 n.18 (3d Cir. 2005).  In relevant part Treesdale, however, does not hold or reason that the reasonable expectations doctrine is inapplicable to commercial entities.  It merely notes in a footnote:  "For purposes of our discussion, we ignore the fact that Treesdale is hardly a 'non-commercial' insured and that the doctrine of reasonable expectations has extremely limited relevance to our discussion if it applies at all." Id.  Ignoring the fact that the insured was "hardly non-commercial" would not have been necessary if they simply held that commercial entities cannot utilize the reasonable expectations doctrine.

The second Third Circuit published opinion that the defendant addresses is Canal Insurance Company v. Underwriters at Lloyd's London, 435 F.3d 431 (3d Cir. 2006).   Once again, at best, Canal provides only limited support for defendant's position.  In this case, the court did not rely on the premise that only non-commercial entities are entitled to use the reasonable expectations doctrine.   Rather, its conclusion is based on the finding that reasonable expectations doctrine does not apply to policy limitations that are clear and unambiguous.  Id. at 440.  Therefore, it is inappropriate to look beyond the plain meaning of the language and determine the expectations of the parties.  Id.

On the other hand, the Third Circuit has indeed allowed a commercial entity to use the reasonable expectations doctrine since the Madison decision.  See  UPMC Health System v. Metropolitan Life Ins.

9

Co., 391 F.3d 497 (3d Cir. 2004). In UPMC, the district court had found the reasonable expectations doctrine inapplicable because the insured was a "sophisticated party" and the policy was freely negotiated and entered into by parties of equal status. Id. at 503. With regard to this ruling by the district court, the very same decision the defendant seeks in the instant case, the Third Circuit Court of Appeals stated: "The District Court was wrong." Id. at 504. The court explained as follows: "Neither any lack of ambiguity in the policy language nor UPMC's status as a sophisticated purchaser of insurance prevented application of the doctrine of reasonable expectations[.]" Id. Accordingly, other district courts within the Third Circuit, have also concluded that status as a sophisticated commercial insured does not automatically render the reasonable expectations doctrine inapplicable. See Whole Enchilada, Inc. v. Travelers Prop. Cas. Co. of America, 581 F. Supp. 2d 677, 690 (W.D. Pa. 2008); Prusky ex rel Windsor Retirement Trust v. Phoenix Life Ins. Co., No. Civ.A. 02-6010, 2005 WL 1754948, at *14 n.11(W.D. Pa. July 26, 2005); Century Sur. Co. v. QSC Painting, Inc., No. 2:08cv860, 2010 WL 891245, at *8 n.6 (W.D. Pa. March 8, 2010).

Accordingly, we find that defendant's first argument lacks merit and that the reasonable expectations doctrine may apply to the plaintiff even though plaintiff is a commercial entity and not an individual.

## II. Statute of limitations

Defendant's second argument is that plaintiff's breach of contract claim is barred by the statute of limitations. Defendant argues that plaintiff should have known that the policy was not what it sought when the policy was delivered "sometime" in the first six months of 2004. Pennsylvania has a four year statute of limitations on breach of contract claims;[3] therefore, the statute of limitations expired during the first half of 2008. The instant case was filed on June 13, 2012, and is thus barred by the statute of limitations according to the defendant. We disagree.

The law provides that district courts may dismiss claims as time barred at the motion to dismiss stage if the plaintiff's failure to comply with the limitations period is apparent from the face of the complaint, the exhibits attached to the complaint and matters of public record. See Datto v. Harrison, 664 F. Supp. 2d 472, 482 (E.D.Pa. 2009) (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1, n .2 (3d Cir. 1994)). With respect to applying statutes of limitations, Pennsylvania courts generally find that the statute of limitations begins to run when the plaintiff's cause of action accrues. See Oshiver, 38 F.3d at 1385.

In the instant case, the face of the complaint alleges a breach of contract by the defendant, that is, a failure to pay a claim. Attachment "C" to the complaint is the denial of claim letter issued by the defendant. (Doc.

---

[3] See 42 PENN. CONS. STAT. ANN. § 5525(a)(1).

11

1-3). The date of the denial letter is April 3, 2009. (Id.). Thus, the breach of contract cause of action based upon the denial of the claim accrued in April 2009. Plaintiff filed the complaint on June 13, 2012, within the four-year statute of limitations. Moreover, plaintiff asserts that defendant provided it with an insurance policy different from the one that it had requested and then passively misled plaintiff into believing the policy was consistent with the terms plaintiff requested. Plaintiff did not discover the "change" in the policy until years later. It would be inequitable to allow defendant to benefit from the subterfuge that plaintiff alleges and which we must accept as true at this stage of the litigation.[4] Accordingly, we find no merit to the defendant's statute of limitations argument.

In support of its position, defendant cites to a non-precedential opinion from the Third Circuit Court of Appeals that it claims is directly on point, Cooper v. Sirota, 37 Fed. Appx. 46 (3d Cir. 2002). In Cooper, the plaintiff purchased disability insurance with the assistance of a broker. Id. at 47. Six years later, plaintiff sued the broker, for *inter alia*, breach of contract asserting that the broker had misrepresented to her the amount of

---

[4]Defendant asserts that the alleged breach of contract would have occurred when it delivered the policy to the plaintiff. The complaint, however, does not solely focus on the delivery of the policy. Indeed, it asserts a breach at the time that the claim was denied in 2009. (Compl. ¶¶ 19, 21). The breach included the denial of coverage and the refusal to honor the five-year term of the policy. (Id.) These actions occurred during the statute of limitations.

12

her personal disability coverage.  Id.  Plaintiff sued the insurance broker for breach of contract.  Id.

The Third Circuit examined whether the statute of limitations had expired and when it had commenced running.  Id. 48-49.  The court held that the statute of limitations had started to run on the date that plaintiff had received the policies at issue because at that time she could have read them and realized that the polices did not provide the coverage that she desired.  Id. at 48.  Defendant presently asserts that Cooper is analogous to the case before the court and therefore the statute of limitations began to run when plaintiff received the policy at issue.  We disagree.

The instant case is distinguishable from Cooper.  The Cooper case did not deal with the reasonable expectations doctrine and assertions that the insurance company and the insured had come to an agreement on the policy period and then the insurance company provided a policy with a different term.  Moreover, in the instant case, the plaintiff sues the insurance company and not the broker.   Accordingly, even if Cooper were a precedential opinion, we would not find it controlling in the instant case.

**Conclusion**

After a careful review, we find no merit to the defendant's motion to dismiss plaintiff's complaint.  The motion will thus be denied.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUSTIN JAMES ASSOCIATES, INC.,** | : | No. 3:12cv1125 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| **AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE CO.,** | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this 5th day of October 2012, the defendant's motion to dismiss for failure to state a claim (Doc. 8) is hereby **DENIED**.

                                      **BY THE COURT:**

                                      **s/ James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**